**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Emmanuel Jarvis, et al., | No. CV-25-08093-PCT-SMB |
| Plaintiffs, | **ORDER** |
| v. | |
| Assa Abloy Global Solutions Incorporated, et al., | |
| Defendants. | |

The Court now considers Plaintiffs' Motion to Vacate its Voluntary Dismissal (Doc. 72); Defendants' Motion for Sanctions (Doc. 76); Plaintiffs' Motion to Deny and Strike Defendants' Motion for Sanctions (Doc. 77); Plaintiffs' Request for Expedited Ruling on its Motion to Vacate (Doc. 80); and Plaintiff Joseph E. Jarvis' Motion to Remove Plaintiff Huiquin Du as a Plaintiff (Doc. 83) and his Motion to Remand to State Court (Doc. 85). For the following reasons, the Court **denies** Plaintiffs' Motion to Vacate its Voluntary Dismissal (Doc. 72) and **denies** Defendants' Motion for Sanctions (Doc. 76). The remaining motions are thus rendered moot.

## I.    BACKGROUND

On March 3, 2025, Plaintiffs Joseph E. Jarvis and Huiquin Du[1] filed a complaint spanning over 700 pages and 3,400 paragraphs in Mohave County Superior Court in Arizona. (Doc. 1-1.) On May 6, 2025, Defendants removed the case to this Court, asserting

---

[1] Jarvis filed a Motion to Dismiss Du as a plaintiff. (Doc. 83.) The disposition of this Order renders this Motion moot. However, Du is listed on the Complaint as a "potential plaintiff" and is a signatory on most of the motions filed in this Court. (Doc. 1-1 at 22.)

that this Court had federal question jurisdiction. (Doc. 1 at 2.) Defendants' removal spawned a flurry of activity, including Plaintiffs filing a Motion to Remand (Doc. 13).

On June 1, 2025, Plaintiffs filed a Notice of Voluntary Dismissal pursuant to Federal Rule of Civil Procedure ("Rule") 41(a)(1)(A)(i). (Doc. 46 at 1.) Rule 41(a)(1)(A)(i) allows plaintiffs to "dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Accordingly, the case was dismissed and thus rendered the then pending motions moot. (Doc. 62 at 1.)

However, Plaintiffs continued filing documents with the Court. (Docs. 63, 64, 66, 67, 68.) The Court issued two Orders notifying Plaintiffs that no action would be taken on those filings due to the voluntary dismissal. (Docs. 65, 69.) Plaintiffs appealed the second Order (Doc. 70 at 1), but they voluntarily dismissed their appeal. (Doc. 73 at 1).

On July 31, 2025, Plaintiffs filed the present Motion to Vacate its Voluntary Dismissal. (Doc. 72.) Plaintiffs argue that their voluntary dismissal should be vacated pursuant to Rule 60(b)(1), (3), (4), and (6). (*Id.* at 1.) The Court now considers that Motion.

## II.    MOTION TO VACATE

Rule 60(b) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding." "A Rule 41(a) voluntary dismissal without prejudice qualifies as a final proceeding under Rule 60(b)." *Waetzig v. Halliburton Energy Servs., Inc.*, 604 U.S. 305, 311–12 (2025) (citation modified). Plaintiffs seek vacatur of their voluntary dismissal under Rule 60(b)(1), (3), (4), and (6). The Court considers each basis for vacatur in turn.

### A. Rule 60(b)(1)

Rule 60(b)(1) allows courts to vacate voluntary dismissals based on "mistake, inadvertence, surprise, or excusable neglect." Although Plaintiffs cite Rule 60(b)(1) as a basis to vacate its voluntary dismissal, they do not argue that their voluntary dismissal was the product of "mistake, inadvertence, surprise, or excusable neglect." *See Segura v. City*

*of La Mesa*, 647 F. Supp. 3d 926, 934 (S.D. Cal. 2022) ("declining to *sua sponte* decide an issue not specifically briefed" and noting that "it is not the Court's role to make arguments for any party" (citation modified)).  That aside, Plaintiffs did not mistakenly file its Motion.  In a later filing, Plaintiffs clarified "that this case was in fact terminated by operation of law on June 1, 2025, upon the filing of Plaintiffs' notice of Voluntary Dismissal."  (Doc. 66 at 1.)  Plaintiffs went on to remind the Court that their dismissal is "self-executing, requires no court order, and immediately divests the court of jurisdiction."  (*Id.*)  This is all true.  Accordingly, Plaintiffs were aware of the effect of their voluntary dismissal.  The Court thus finds that Rule 60(b)(1) does not provide a basis for vacatur.

### B.  Rule 60(b)(3)

Rule 60(b)(3) allows courts to vacate voluntary dismissals based on "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party."  "To prevail, the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense."  *Trendsettah USA, Inc. v. Swisher Int'l, Inc.*, 31 F.4th 1124, 1136 (9th Cir. 2022) (citation modified).  Plaintiffs do not argue that its decision to voluntarily dismiss their case was the product of "fraud, misrepresentation, or other misconduct."  *See id.*  Although unclear, it appears that Plaintiffs instead argue that Defendants' removal constituted a misrepresentation because this Court lacked jurisdiction over Plaintiffs' case.  (Doc. 72 at 3–4.)  This argument misses the mark.  Plaintiffs do not argue that their dismissal was the product of a misrepresentation; instead, Plaintiffs argue that their voluntary dismissal was intended to combat Defendants' alleged misrepresentation.  The Court thus finds that Rule 60(b)(3) does not provide a basis for vacatur.

### C.  Rule 60(b)(4)

Rule 60(b)(4) allows courts to relieve parties from a judgment when "the judgment is void."  Plaintiffs argue that their own voluntary dismissal is a "void judgment" because the Court lacked jurisdiction over the case due to it being improperly removed.  (Doc. 72

at 9.)  The confusing nature of this argument aside, it is misguided.

Rule 60(b)(4) only applies to judgements that are "a legal nullity."  *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010).  Additionally, Rule 60(b)(4) relief for jurisdictional defects is reserved "only for the *exceptional case* in which the court that rendered judgment *lacked even an arguable basis* for jurisdiction."  *Id.* at 271 (citation modified) (emphasis added).

To start, a voluntary dismissal is not a judgement rendered by the Court. Additionally, Plaintiffs fail to cite any authority establishing that a voluntary dismissal becomes a legal nullity even assuming the Court lacked removal jurisdiction.  Indeed, plaintiffs have "*the absolute right to dismiss an action* without prejudice provided that the defendant has not yet filed an answer or a motion for summary judgment."  *See Duke Energy Trading & Mktg., L.L.C. v. Davis*, 267 F.3d 1042, 1048 (9th Cir. 2001) (emphasis added).  Plaintiffs fail to cite any authority establishing that a litigant's right under Rule 41(a) is contingent on the court having removal jurisdiction.  Thus, the Court thus finds that Rule 60(b)(4) does not provide a basis for vacatur.

### D.  Rule 60(b)(6)

Rule 60(b)(6) allows courts to vacate voluntary dismissals based on "any other reason that justifies relief."  Again, although Plaintiffs cite Rule 60(b)(6) as a basis to vacate its voluntary dismissal, they fail to make any discrete arguments suggesting as much.  Thus, Plaintiffs fall short of their burden under Rule 60(b)(6) as "movant[s] seeking relief under Rule 60(b)(6) must show extraordinary circumstances justifying the reopening of a final judgment."  *Henson v. Fid. Nat'l Fin., Inc.*, 943 F.3d 434, 444 (9th Cir. 2019) (citation modified).  Plaintiffs fail to demonstrate any extraordinary circumstances justifying vacatur.  Thus, the Court thus finds that Rule 60(b)(6) does not provide a basis for vacatur.

### E.  Miscellaneous Arguments

The Court briefly addresses Plaintiffs' underlying assumption that this Court lacked removal jurisdiction.  While this may be true, it is an argument better suited for a motion

for remand.  While Plaintiffs filed a Motion to Remand (Doc. 13), it appears Plaintiffs abandoned their Motion on the mistaken assumption that it could file a voluntary dismissal to the same effect.  Indeed, Plaintiffs argue that they voluntarily dismissed their case "with a clear reservation of rights—explicitly stating that all rights were preserved to return to state court." (Doc. 72 at 6.)  Plaintiffs' *ipse dixit* reservation of rights does not provide a legitimate basis for this Court to remand their case back to State Court.  And as noted, Plaintiffs were well aware of the effect of a voluntary dismissal.  Accordingly, the Court denies Plaintiffs Motion to Vacate its Voluntary Dismissal (Doc. 72).

### III.  MOTION FOR SANCTIONS

The Court turns next to Defendants' Motion for Sanctions (Doc. 76).  Defendants' Motion is based on Plaintiff Jarvis' conduct in this case and in previous cases filed in State and Federal Court.  (*Id.* at 2.)  Defendants "ask the Court to impose sanctions on Plaintiffs for their frivolous filing by imposing a vexatious litigant order or in the alternative impose a standing order that Defendants shall not be required to respond to Plaintiffs' future filings unless ordered by the Court to respond." (*Id.* at 9.)  Defendants further request that the Court award Defendants their attorneys' fees in having to respond to Plaintiffs' frivolous motions.  (*Id.*)

#### A. Vexatious Litigant

The Court begins with Defendants' request for a vexatious litigant order.  "Federal courts can regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances."  *Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014) (citation modified).  "Enjoining litigants with abusive and lengthy litigation histories is one such restriction that courts may impose." *Id.* (citation modified).  "Restricting access to the courts is, however, a serious matter.  The right of access to the courts is a fundamental right protected by the Constitution." *Id.* (citation modified).

"Out of regard for the constitutional underpinnings of the right to court access, pre-filing orders should rarely be filed, and only if courts comply with certain procedural

and substantive requirements." *Id.* at 1062 (citation modified). Thus, vexatious litigant orders can only be entered if the Court:

> (1) give[s] litigants notice and an opportunity to oppose the order before it is entered; (2) compile[s] an adequate record for appellate review, including a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed; (3) make[s] substantive findings of frivolousness or harassment; and (4) tailor[s] the order narrowly so as to closely fit the specific vice encountered.

*Id.* at 1062 (citation modified).

Ultimately, the Court will not dub Plaintiffs vexatious litigants because their actions do not rise to the level of being "frivolous" or "harassing"—terms which take on a particular meaning in this context. "To determine whether the litigation is frivolous, district courts must look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Id.* at 1064 (citation modified). While the Ninth Circuit has "not established a numerical definition for frivolousness," it has noted "that even if a litigant's petition is frivolous, [courts] must make a finding that the number of complaints was inordinate." *Id.* (citation modified). Courts have found an "inordinate" number of filings to include anywhere from fifty frivolous cases to thirty-five actions filed in thirty jurisdictions. *See id.* at 1065 (citing cases). Ultimately, Defendants point to Plaintiffs' conduct in this case, a previous case Plaintiffs filed in this District alleging similar claims against similar defendants, and three other unrelated lawsuits—two of which were also in this District. (Doc. 76 at 4–5.) The Court finds that Plaintiffs' conduct has not yet risen to the level of "frivolous."

"As an alternative to frivolousness, the district court may make an alternative finding that the litigant's filings show a pattern of harassment." *Ringgold*, 761 F.3d at 1064. "Courts must be careful not to conclude that particular types of actions filed repetitiously are harassing and must instead discern whether the filing of several similar types of actions constitutes an intent to harass the defendant or the court." *Id.* (citation modified). While Plaintiffs' behavior is trending towards harassment, the Court is not yet convinced that Plaintiffs intended to harass Defendants or the Court; at least not in the

capacity necessary to be dubbed vexatious litigants.

Ultimately, this is a case in which "other, less restrictive options," short of a vexatious litigant designation, is "adequate to protect the court and parties." *Id.* at 1064. As noted, Defendants have requested that this Court "impose a standing order that Defendants shall not be required to respond to Plaintiffs' future filings unless ordered by the Court to respond." (Doc. 76 at 9.)  The Court will grant that request.

### B. Attorneys' Fees

Defendants, seek the attorneys' fees they incurred "in having to respond to Plaintiffs' frivolous motions." [2]  (Doc. 76 at 9.)  "Federal courts possess certain 'inherent powers,' not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1088 (9th Cir. 2021) (citation modified) (quoting *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017)).  "That authority includes the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Id.* (citation modified) (quoting *Goodyear*, 581 U.S. at 107).  As relevant here, a district court may award attorneys' fees "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* at 1090.  The Court, in its discretion, will not award attorneys' fees against Plaintiff.  However, the Court admonishes Plaintiff for his conduct in this case which borders on the edge of bad faith.

At bottom, Plaintiffs engaged in a pattern of behavior that serves no legitimate purpose and directly contravenes this Court's orders.  It is clear that Plaintiffs believe their case should have been tried in State Court.  It is equally clear that Plaintiffs were not satisfied with the pace of the Federal Judiciary.  However, that does not give Plaintiffs license to ignore this Court's orders and attempt to willfully misuse legal procedures to

---

[2] The Court will not address Plaintiffs' arguments pertaining to Rule 11 as Defendants do not request sanctions pursuant to Rule 11.  The Court also notes that Plaintiffs' make these arguments in a so-called Motion to Strike pursuant to Rule 12(f). (Doc. 77 at 3.)  However, "[m]otions to strike under Rule 12(f) are directed to pleadings only" and are "not available to strike material contained in motions and other briefs." *Goodwin v. AT&T*, No. 2:23-CV-01950-GMN-DJA, 2024 WL 2866895, at *1 (D. Nev. June 6, 2024).  This is grounds to have the Motion stricken, *see id.* at 2, but the Court will treat the Motion as a responsive brief.

achieve their desired outcome.  The Court provides an overview of Plaintiffs' conduct thus far.

On May 8, 2025, Plaintiffs filed its First Motion to Remand that included a request for an expedited ruling (Doc. 13).  On May 14, the Court issued an Order notifying Plaintiffs that it would rule on the Motion in the normal course of business (Doc. 25 at 1). On May 20, Plaintiffs filed it Second Motion to Remand (Doc. 30).  On May 23, Plaintiffs filed a Motion again seeking an expedited ruling on its First Motion to Remand (Doc. 36). The Court notes that the First Motion to Remand had only been fully briefed since May 21, two days before Plaintiffs' renewed request for an expedited ruling.  It appears that Plaintiffs misconstrued this Court's intention to rule on the Motion to Remand in due course to mean that it would rule on the motion "within one day of receiving responses to the motions." (Doc. 36 at 1.)  It is unclear why Plaintiffs were under that impression.

Then, on May 29, Plaintiffs filed a "Demand for Immediate Ruling on Motion to Remand" (Doc. 40).  On May 30, Plaintiffs filed multiple documents similarly demanding an expedited ruling on their First Motion to Remand.  (Docs. 44, 45.)  Then, on June 1, Plaintiffs dismissed their case on the mistaken assumption that their voluntary dismissal compelled the Court to remand their case.  (Doc. 46 at 2.)  The Court notes that less than one month elapsed between Plaintiffs filing their First Motion to Remand and their Voluntary Dismissal.  Between that time, Plaintiffs filed a myriad of other filings besides those mentioned above, most of which either requested remand or requested this court to consider the remand request on an expedited basis.  Many of these filings were filed after Plaintiffs dismissed their case, including a Third Motion to Remand (Doc. 57).

On June 11, the Court issued an Order recognizing Plaintiffs' voluntary dismissal, and ordered the case terminated.  (Doc. 62 at 11.)  Plaintiffs persisted in filing more documents with the Court which included yet another request for this Court to remand the case.  (Doc. 63.)  The Court issued another Order notifying Plaintiffs that the case was terminated according to their voluntary dismissal and that no further action would be taken on the matter.  (Doc. 65.)  Plaintiffs then filed their Fourth Motion to Remand (Doc. 67)

and an Objection to this Court's second Order notifying Plaintiffs that their case was terminated (Doc. 66). Plaintiffs, in their Objection, went so far as to "clarify that this case was in fact terminated by operation of law on June 1, 2025, upon the filing of Plaintiffs' Notice of Voluntary Dismissal." (Doc. 67 at 1.) Plaintiffs also took it upon themselves to remind the Court that their voluntary dismissal "is self-executing, requires no court order, and immediately divests the court of jurisdiction." (*Id.*) Ironically, by this point, the Court had issued two Orders recognizing that Plaintiffs' case was terminated by operation of their dismissal. However, Plaintiffs' Objection prompted this Court to enter a third Order in which the Court provided that "[u]pon Notice of Voluntary Dismissal, this Court lost jurisdiction and may not address the merits of claims nor issue further orders pertaining to them." (Doc. 69 at 1.) Plaintiffs appealed this third Order, (Doc. 70.), but dismissed their appeal (Doc. 73). At bottom, Plaintiffs submitted multiple duplicative filings requesting their case to be remanded, many of which were filled with caustic language, openly admonishing this Court, Defendants, and opposing counsel. These filings culminated in Plaintiffs' present Motion to Vacate its Voluntary Dismissal. (Doc. 72). However, Plaintiffs' Motion is really yet another thinly disguised motion to remand.

The Court is sympathetic to Plaintiffs' desire to have their matter handled promptly. However, this desire does not justify the serial filing of duplicative documents in defiance of this Court's orders. Although Plaintiffs insist that the Court lacked removal jurisdiction, Plaintiffs' conduct remains inappropriate.

The Court draws particular attention to Plaintiffs' Motion to Vacate. As discussed, Plaintiffs' Motion is really yet another motion to remand. Plaintiffs openly admonish the Court for failing to remand the case and claims that it committed "clear legal error." (Doc. 72 at 6.) However, a motion to vacate a voluntary dismissal is an inappropriate vehicle to challenge removal jurisdiction. Additionally, Plaintiffs' Motion does not meaningfully attempt to argue that dismissal is subject to vacatur under Rule 60(b). At bottom, Plaintiffs Motion is another example of Plaintiffs deliberately ignoring this Court's orders without any cognizable legal basis to do so. Thus, Plaintiffs' litigation conduct is quintessentially

obdurate.

In light of the foregoing, the Court admonishes Plaintiffs for their conduct. This case thus remains terminated, which precludes Plaintiffs from filing any additional motions in this case. In the event Plaintiffs ignore this instruction, Defendants are not required to respond to these motions unless this Court orders them to do so. The Court reminds Plaintiffs that future filings may warrant the imposition of financial sanctions.

Accordingly, Plaintiffs' Motion to Deny and Strike Defendants' Motion for Sanctions (Doc. 77), Plaintiffs' Request for Expedited Ruling on its Motion to Vacate (Doc. 80), Plaintiff Joseph E. Jarvis' Motion to Remove Huiqin Du as a Plaintiff (Doc. 83), and his Motion to Remand to State Court (Doc. 85) are rendered moot.

## IV.    CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED denying** Plaintiffs' Motion to Vacate its Voluntary Dismissal (Doc. 72).

**IT IS FURTHER ORDERED denying** Defendants' Motion for Sanctions (Doc. 76).

**IT IS FURTHER ORDERED denying** the following Motions as moot:

- Plaintiff's Motion to Deny and Strike Defendants' Motion for Sanctions (Doc. 77)
- Notice that Motions are Fully Briefed and Request for Ruling (Doc. 80)
- Motion to Correct the Record Regarding Non-Party Status of Huiqin Du (Doc. 83)
- Motion for Status Conference/Request for Ruling (Doc. 85)

**IT IS FURTHER ORDERED** that Defendants are not required to respond to any future filings in this case unless ordered by the Court to respond.

Dated this 9th day of March, 2026.

Honorable Susan M. Brnovich
United States District Judge

- 10 -